

FILED
NOV 1 2 2004

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CONFLUENCE HOLDINGS CORP.<br>3761 Old Glenola Road<br>Trinity, NC 27370<br>(336) 434-7470,<br><br>Plaintiff,<br><br>v.<br><br>OLD TOWN CANOE COMPANY<br>P.O. Box 548<br>Old Town, Maine USA 04468,<br><br>and<br><br>JOHNSON OUTDOORS INC.<br>555 Main Street<br>Racine, WI 53403,<br><br>Defendants. | ) Case No. 1:04CV01070<br>)<br>)<br>)<br>)<br>)<br>)<br>) COMPLAINT FOR FALSE MARKING<br>) (35 U.S.C. § 292); LANHAM ACT (15<br>) U.S.C. § 1125 (a)); MONOPOLIZING<br>) TRADE (15 U.S.C. § 2); AND<br>) WRONGFUL INITIATION OF CIVIL<br>) PROCEEDINGS UNDER OREGON LAW<br>)<br>)<br>)<br>)<br>)<br>) |

**DEMAND FOR JURY TRIAL**

Plaintiff Confluence Holdings Corp. ("Confluence"), which does business as Confluence Watersports Company, as and for its Complaint against defendants Old Town Canoe Company ("Old Town") and Johnson Outdoors Inc. ("Johnson"), states as follows:

### NATURE OF THE ACTION

1. This is an action for the false marking of over 100,000 watercraft (canoes and kayaks) and thousands of advertisements, catalogs, and other promotional materials in violation of 35 U.S.C. § 292 (a). For some twenty years, defendant Old Town has been falsely marking its three-layer rotationally molded canoes as having been made by the methods claimed in United States Patent No. 4,836,963 (the '963 patent"). That false marking has been an instrumental part

70051.doc

of Old Town's marketing strategy. As the Johnson officer responsible for Old Town marketing explained under oath in the Oregon patent litigation between the parties described below:

> Q. Why do you mark the patent number even on a tool such as this?
>
> A. Because it's such a critical part of, you know, what our three-layer technology is all about. It gives it credibility and believability, and it also specifies how unique it is within the industry. And we actually sell against that, the fact that we do have a patented technology that no one else has.

2. The false marking of Old Town's canoes operated to discourage any prospective competitor from entering the distinct submarket for three-layer rotationally molded canoes. This enabled Old Town to continue raising prices, even during periods of otherwise weak canoe demand. The Johnson officer described the situation:

> Q. There's a perception, at least, that a general economic decline has been happening in the last few years . . . . Has that general economic decline, to the extent it exists, had an effect on your ability to raise prices?
>
> A. It certainly has had an impact on -- on our sales, but again, I would say that it's not the driving force. If you have a truly unique and propriet[ar]y technology, one that gives the consumer a better value, like we have in three-layer, you're going to continue to maintain, if not slightly increase your price, even in difficult times. I've had responsibility for other brands in other parts of my career that have continued to move price up, even in difficult economic times. The key is having that unique propriet[ar]y technology that no one else has.

3. As explained below, Old Town did not have any "unique proprietary technology that no one else has." The pertinent claims of the '963 patent apply only to the manufacture of products where the inner layer is "completely coalesced." The prior Oregon patent litigation between Confluence and Old Town established that Old Town's products did not contain a completely coalesced inner layer. But by falsely marking its watercraft as patented, Old Town

2

was able for twenty years to collect illegal monopoly profits. The penalties to be assessed under section 292 (b) will disgorge some of those wrongful overcharges.

4. In recent years, Old Town's false marking has been done with the knowledge and at the direction of its controlling parent company, Johnson. As the Johnson executive boasted at the Oregon trial:

> Q. ... Do you have final approval for advertising as well as for pricing?
>
> A. Yes, I do. Again, the marketing people are deeply involved and I generally -- well, I always have to approve it.
>
> Q. And what types of advertising do you do for the three-layer?
>
> A. We do a lot of advertising because it's such a unique product, and we work really hard to make sure that not only our customers, but the end user, if at all possible, understand the differences. So we advertise in trade magazines, like Paddler Magazine, Canoe and Kayak. We spend a great deal of time and effort on point-of-purchase materials, signs, plaques, hang tags, stickers, deeply involved in the Internet. On our Web site we talk about our products. And all of these different venues, if you will, of advertising all stress the three-layer technology, how it's different and how it's better.

## THE PARTIES

5. Plaintiff Confluence is a corporation organized under the laws of the State of Delaware with its principal place of business in this District at 3761 Old Glenola Road, Trinity, North Carolina 27370.

6. Defendant Old Town is a corporation organized under the laws of the State of Delaware with its principal place of business in Old Town, Maine, which is doing business and committing acts of false marking in this District and elsewhere.

3

7.  Defendant Johnson is a corporation organized under the laws of the State of Delaware with its principal place of business in Racine, Wisconsin, which is doing business and committing acts of false marking in this District and elsewhere.

## JURISDICTION AND VENUE

8.  This action arises under the patent laws of the United States, 35 U.S.C. § 281, *et seq.*

9.  This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338 (a), and doctrines of pendent and ancillary jurisdiction.

10. Upon information and belief defendants have sufficient contacts with the Middle District of North Carolina to subject them to the personal jurisdiction of this Court for this Complaint. Confluence is informed and believes and thereupon alleges that defendants have committed acts of false marking in this District with the intent to injure the plaintiff in this District.

11. Venue is properly laid in this District under 28 U.S.C. §§ 1391 (b) and (c).

## THE OREGON PATENT LITIGATION

12. In January 2002, Old Town brought suit against Confluence in the United States District Court for the District of Oregon, alleging that Confluence's three-layer rotationally molded canoes infringed several claims of Old Town's '963 patent. *Old Town Canoe Co. v. Confluence Holdings Corp.*, No. CV-02-0093 AS (D. Ore.) (the "Oregon patent litigation"). Old Town alleged willful infringement, and sought damages from Confluence in excess of $ 27 million.

13. The Oregon district court construed "complete coalescence" as follows:

4

> "Coalescence" is the process of forming a uniform, homogeneous body, or combining into one body or growing together, through the merger of smaller particles of the same material. "Coalescence" is "complete" when it has all necessary parts, elements or steps, or is fully carried out.

The Oregon court's construction of "coalescence" was the construction advanced by Old Town.

14. To explain its construction, Old Town referred the Oregon court to a chart from a leading treatise which illustrated the stages of rotational molding:



| Powder | Powder & Molten Layer | Uneven & Bubbles[+] | Smooth & Bubbles | Optimum | Slight Overcure | Severe Overcure |

**Figure 8.3: The Cure Cycle for Rotational Molding Powdered Materials**

Old Town argued to the Oregon court that coalescence consists of Stages 1-5 of this process pictured above, and that Stage 5 defines when coalescence is completed:

> Stages 1-5 comprise what can be called the "Coalescence Process." Stage 5, identified as "Optimum," is where the particles have fully merged together. Stage 5 is the point where a usable product is created. The Gilman ['963] Patent is about how to make a useable product.

15. Old Town consistently and repeatedly urged that claim construction upon the Oregon court in its briefing:

> -- nothing in the intrinsic materials suggests that the Coalescence Process is followed by further processes other than cooling (or the undesired over-curing of Stages 6 and 7).
>
> -- coalescence would include the entire heating process to make a homogenous body.

5

> -- the term "coalescence" is described in the context of a
> continuum that "progresses" with a beginning, middle and end.

16. Old Town's counsel urged this same construction at the Oregon court's hearing on claim construction:

> -- Coalescence is a process, it's not a thing. It's a process. It
> starts as the pieces begin to fuse together, and it comes to an
> absolute end when there are no holes, no more bubbles anymore.
>
> -- [E]verybody understands that coalescence could mean
> complete, 100 percent; no bubbles, no empty spaces, no Lake
> Oswego, et cetera.
>
> -- So if you just leave some bubbles behind, don't quite 100
> percent coalesce it . . . .

17. Old Town's position on claim construction was based on the report of its technical expert, Glenn Beall, who used the presence of bubbles as the determining factor for whether there was "complete coalescence":

> -- Based on the fourth test that I conducted at Confluence on
> December 14, 2000, the inner layer contained bubbles immediately
> after it left the oven before being subjected to the cooling cycle.
> This indicates to me that "completion of coalescence of the inner
> layer" had not yet taken place.
>
> -- [B]oth the December 14, 2000 and November 7, 2002
> experiments produced parts which contained bubbles in the inner
> layer in the vicinity of the foam layer. The presence of bubbles
> indicate that neither of the experiments produced layers that were
> fully coalesced.
>
> -- The presence of bubbles between the "unfoamed second layer
> and the inner layer as well as near the free surface of the inner
> layer" indicates to me that coalescence was not complete.
>
> -- Examination of that plaque [the RPF canoe] revealed that there
> were no bubbles in the two solid walls. The absence of bubbles
> indicates to me that this part was completely, or totally, coalesced,
> or cured.

18. In adopting Old Town's proposed claim construction, the Oregon court noted Old Town's representations:

6

> -- [Old Town] assert[s] that "coalescence" encompasses a longer process and is not complete until the plastic particles have formed a smooth, homogeneous layer. [Old Town] asserts that the only thing that happens after "coalescence" is complete is cooling or undesirable over-curing.
>
> -- The parties further agree that [Old Town's] definition of "coalescence" corresponds to stages one through five, during which the particles form a smoother and denser layer than is present at the end of stages two or three.
>
> -- The caption under stage five is "Optimum." Stages 6 and 7 consist of undesirable over-curing.
>
> -- [Old Town]'s position [is] that "coalescence" incorporates the process beyond the formation of a layer, to the point when the plastic reaches its optimum state.

19. The Oregon court's constructions establish that completion of coalescence means that the inner layer reaches Stage 5, the optimum state where no bubbles remain. Reaching Stage 5 is a "necessary ... step" to complete coalescence, and in order to "fully carr[y] out" coalescence, Stage 5 must be reached.

20. The inner layer of the watercraft marked by Old Town as assertedly covered by the '963 patent do not reach Stage 5, do contain bubbles, and are not completely coalesced.

## FIRST CLAIM FOR RELIEF

(False Marking)

21. The allegations of paragraphs 1-20 above are incorporated herein by reference.

22. This claim is made under the patent laws of the United States, 35 U.S.C. § 281, *et seq.*

23. Defendant Old Town manufactures and sells watercraft to the public.

24. At all relevant times, Old Town knew that the watercraft manufactured and sold by Old Town were not covered by United States Patent No. 4,836,963.

7

25. Old Town has marked upon, or affixed to, the unpatented watercraft it manufactures and sells the word "patent" or other words or a number importing that the watercraft are patented.

26. Old Town's markings upon or affixations to its unpatented watercraft, importing that the watercraft manufactured and sold by Old Town are covered by a patent, were for the purpose of deceiving the public.

27. Old Town has used in advertising, in connection with the unpatented watercraft it manufactures and sells, the word "patent" or other words or a number importing that the watercraft are patented.

28. Old Town's advertisements, including advertisements on its Web site, importing that the unpatented watercraft manufactured and sold by Old Town are covered by a patent, were for the purpose of deceiving the public.

29. Old Town has acted at the direction and under the control of Defendant Johnson, which is directly, vicariously, and contributorily responsible for the false marking.

30. Pursuant to 35 U.S.C. § 292, Confluence is entitled to sue for the penalty for every false marking offense.

## SECOND CLAIM FOR RELIEF

(Lanham Act)

31. The allegations of paragraphs 1-30 above are incorporated herein by reference.

32. This claim is made under the laws of the United States, 15 U.S.C. § 1111, *et seq.*

33. Old Town has falsely advertised that the watercraft it manufactures and sells are "patented" or otherwise covered by United States Patent No. 4,836,963.

34. Old Town has made and continues to make false statements of fact in commercial advertisements and in commercial statements about its watercraft.

35. The false statements of fact made by Old Town have actually deceived or have the tendency to deceive a substantial segment of the audience for Old Town's commercial advertisements and commercial statements.

36. Old Town's deception has been material, in that it is likely to influence the purchasing decision of members of the audience for the commercial advertisements and commercial statements.

37. Old Town caused the commercial advertisements and commercial statements containing false statements of fact to enter interstate commerce.

38. Plaintiff Confluence has been or is likely to be injured as a result of the false statements made by Old Town.

39. Old Town has acted in bad faith in making its false statements of fact in commercial advertisements and commercial statements about its watercraft.

40. Old Town has acted at the direction and under the control of defendant Johnson, which is directly, vicariously, and contributorily responsible for the false statements of fact.

41. Pursuant to 35 U.S.C. § 1125 (a) (1), Old Town and Johnson are liable to Confluence for the false statements of fact.

42. Pursuant to 35 U.S.C. § 1117, Confluence is entitled to an award of Old Town's and Johnson's profits, damages sustained by Confluence, and the costs of this action.

### THIRD CLAIM FOR RELIEF

(Monopolizing Trade)

43. The allegations of paragraphs 1-42 above are incorporated herein by reference.

9

44. This claim is made under the trade laws of the United States, 15 U.S.C. § 2, *et seq.*

45. Old Town has excluded competitors from the watercraft market by falsely asserting that the watercraft it manufactures and sells are covered by "a patented technology that no one else has."

46. Old Town's false advertisements have attempted to convince watercraft customers that Old Town possesses a "unique proprietary technology that no one else has."

47. Old Town has possessed monopoly power in the distinct submarket for three-layer rotationally molded canoes, and other economically relevant markets, or there has been a dangerous probability of Old Town achieving monopoly power in the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

48. Old Town has acted with specific intent to monopolize the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

49. Old Town has engaged in predatory or anticompetitive conduct in the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

50. Old Town has acted at the direction and under the control of defendant Johnson, which is directly, vicariously, and contributorily responsible for the monopoly or attempted monopoly in the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

51. As a competitor of Old Town, Confluence has suffered antitrust damages as a result of Old Town's and Johnson's monopolistic actions.

52. Pursuant to 15 U.S.C. § 2, Old Town and Johnson are liable to Confluence for Old Town's monopolization or attempted monopolization of the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

10

53. Pursuant to 15 U.S.C. § 15, Confluence is entitled to an award of threefold the damages it sustained, and the cost of suit, including a reasonable attorney's fee.

## FOURTH CLAIM FOR RELIEF

(Wrongful Initiation of Civil Proceedings under Oregon Law)

54. The allegations of paragraphs 1-53 above are incorporated herein by reference.

55. This claim is made under the laws of the state of Oregon.

56. Old Town commenced and prosecuted the Oregon patent litigation against Confluence.

57. On October 27, 2004, the district court granted Confluence's motion for a directed verdict of non-infringement of U.S. Patent No. 4,836,963, terminating the proceeding in Confluence's favor.

58. Old Town lacked probable cause to prosecute the Oregon patent litigation against Confluence.

59. Old Town acted with malice in bringing the Oregon patent litigation against Confluence.

60. Confluence incurred damages from the Oregon patent litigation.

61. Old Town has acted at the direction and under the control of Defendant Johnson, which is directly, vicariously, and contributorily responsible for the wrongful initiation of civil proceedings against Confluence.

62. Pursuant to Oregon law, Confluence is entitled to recover its damages from Old Town and Johnson.

11

## PRAYER FOR RELIEF

WHEREFORE, Confluence respectfully prays:

A. That Old Town and Johnson be held to have falsely marked upon, or falsely affixed to, unpatented watercraft manufactured and sold by Old Town the word "patent" or other words or a number importing that the watercraft are patented, for the purpose of deceiving the public.

B. That Old Town and Johnson be held to have falsely used in advertising, in connection with unpatented watercraft manufactured and sold by Old Town, the word "patent" or other words or a number importing that the watercraft are patented, for the purpose of deceiving the public.

C. That Old Town be fined $500 for every such offense.

D. That Confluence may take one-half of the penalty and the other to the use of the United States.

E. That Old Town and Johnson be held to have made false statements of fact in commercial advertisements and commercial statements about its watercraft.

F. That Old Town's and Johnson's false statements of fact be held to have actually deceived or had the tendency to deceive a substantial segment of the audience for the commercial advertisements and commercial statements.

G. That Old Town's and Johnson's deception be held to be material, in that it was likely to influence the purchasing decisions of members of the audience for the commercial advertisements and commercial statements.

H. That Old Town and Johnson be held to have caused the commercial advertisements and commercial statements containing false statements of fact to enter interstate commerce.

I. That Confluence be held to have been injured or likely to be injured as a result of the false statements by Old Town and Johnson.

J. That Old Town and Johnson be held to have acted in bad faith in making false statements of fact in commercial advertisements and commercial statements about the unpatented watercraft.

K. That Old Town and Johnson be held liable to Confluence for the false statements of fact.

L. That Confluence recover Old Town's and Johnson's profits, the damages sustained by Confluence, and the costs of this action.

M. That Old Town and Johnson be held to have possessed unlawful monopoly power in the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets, or that there has been a dangerous probability of Old Town and Johnson achieving unlawful monopoly power in the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

N. That Old Town and Johnson be held to have acted with specific intent to monopolize the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

O. That Old Town and Johnson be held to have engaged in predatory or anticompetitive conduct in the distinct submarket for three-layer rotationally molded canoes and other economically relevant markets.

P.  That an assessment be made of actual damages incurred by Confluence and that Confluence be awarded threefold the damages it sustained, and the cost of suit, including a reasonable attorney's fee.

Q.  That Old Town and Johnson be held to have commenced and prosecuted the Oregon patent litigation against Confluence.

R.  That the Oregon patent litigation be held to have terminated in Confluence's favor.

S.  That Old Town and Johnson be held to have lacked probable cause to prosecute the Oregon patent litigation against Confluence.

T.  That Old Town and Johnson be held to have acted with malice in bringing the Oregon patent litigation against Confluence.

U.  That Confluence be held to have incurred damages from the bringing of the Oregon patent litigation.

V.  That Confluence recover its damages from the Oregon patent litigation from Old Town and Johnson.

W.  That Confluence have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Confluence respectfully demands trial by jury of all issues triable to a jury.

By: _/s/ signature_
Hadrian R. Katz, D.C. Bar No. 931,162
Joseph A. Micallef, D.C. Bar No. 443,679
Sidney A. Rosenzweig, D.C. Bar No. 460,778

ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (fax)
katzha@aporter.com

By: _/s/ signature_
James L. Lester, North Carolina Bar No. 15,715

MACCORD MASON PLLC
P.O. Box 2974
Greensboro, NC 27402
(336) 273-4422
(336) 271-2830 (fax)
jlester@maccordmason.com

**COUNSEL FOR PLAINTIFF
CONFLUENCE HOLDINGS CORP.**

15